IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LATONYA YVETTE KYLE, ON BEHALF OF THE ESTATE OF SAVAWN BENJAMIN KYLE (DECEASED) S.M.K. A MINOR CHILD AND K.C.K. A MINOR CHILD,<br><br>*Plaintiff,*<br><br>vs.<br><br>LAWRENCE P SAIZ, DETECTIVE; B SIGALA, DETECTIVE; M DUKE, DETECTIVE; TAMARA STRAUCH, UNKNOWN EMPLOYEES OF CITY OF SAN ANTONIO POLICE DEPARTMENT, J. MARITZA STEWART,  BEXAR COUNTY SHERIFFS,<br><br>*Defendants.* | §<br>§<br>§   SA-22-CV-00023-XR<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action are Plaintiff's Amended Motion to Compel Compliance with Subpoena [#22] and Plaintiff's Amended Notice of Motion [#23], which were referred to the undersigned for disposition.  This civil rights action concerns the alleged false arrest and malicious prosecution of Savawn Benjamin Kyle for capital murder. Kyle's mother, proceeding *pro se*, has filed this action on behalf of Kyle's estate and his minor children.  Plaintiff's Amended Complaint alleges that the San Antonio Police Department and Bexar County officials fabricated evidence and engaged in other misconduct in investigating the death of Renard B. Smith on October 25, 2016, and the prosecution of Kyle.

On May 11, 2022, the District Court entered an order staying this case and Plaintiff's response deadline for several pending motions to dismiss pending the appointment of an

1

administrator of the estate. Plaintiff has filed multiple advisories with the Court, stating that she is unable to retain a probate attorney and to begin the administration of Kyle's estate, due to the refusal of Kyle's prior criminal defense attorney, Cornelius Cox, to produce Kyle's handwritten will.

The referred motions concern a subpoena Plaintiff allegedly served on Mr. Cox, demanding the production of "all files, documents, records, the handwritten will, any electronically stored information, and all objects pertaining to the deceased, Savawn Benjamin Kyle." (Subpoena [#22-1].) According to the motion and the exhibits attached thereto, the subpoena was issued by this Court on May 19, 2022, and mailed to Mr. Cox via certified mail, return receipt requested. (*Id.*) Plaintiff claims that to date, Mr. Cox has not responded to the subpoena or produced the will. Plaintiff's motions ask the Court to order compliance with the subpoena and hold Mr. Cox in contempt of court for his failure to respond. The Court held a hearing on the motions on this day, at which Mr. Cox, Plaintiff, and counsel for Defendants appeared in person.

Rule 45(g) of the Federal Rules of Civil Procedure provides that a court may hold a person in contempt who, having been served, fails without adequate excuse to obey the order or an order related to it. Fed. R. Civ. P. 45(g). For a subpoena to be served on a third party, it must satisfy the requirements for validity in Rule 45 and be served by any person who is at least 18 years of age and not a party. *Id.* at 45(a), (b). "Serving a subpoena requires delivering a copy to the named person." *Id.*; *see also In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (holding that personal service of a subpoena is required). In the context of a Rule 45(g) motion, to show that civil contempt is warranted, a moving party must establish that the issued subpoena was valid, was properly served, and the recipient of the subpoena failed to respond or otherwise comply.

*See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).  The burden of proof in a civil contempt proceeding is clear and convincing evidence.  *Whitcraft v. Brown*, 570 F.3d 268, 271–72 (5th Cir. 2009).

Plaintiff argued at the hearing that she served a valid subpoena on Mr. Cox by mailing the subpoena via certified mail.  The subpoena attached to her motion includes the title of the action and case number, commands Mr. Cox to produce the requested documents on June 1, 2022, at 4:00 p.m. at Mr. Cox's office address of 110 Broadway, Suite #550, San Antonio, Texas, 78205, and is signed by the clerk of this Court with a date of May 19, 2022.  (Subpoena [#22-1].)  The subpoena satisfies the requirements for validity in Rule 45(a).  Fed. R. Civ. P. 45(a).  The certified mail receipt attached to Plaintiff's motion is addressed to Mr. Cox at Suite 110 Broadway Street, Suite #550, San Antonio, Texas, 78205, and reflects a delivery date of May 23, 2022.  (Mail Receipt [#22-5, #22-6].)

At the hearing, Mr. Cox represented to the Court that he never received the subpoena.  Mr. Cox also clarified that his office is at Suite #530, not Suite #550.  The address on record with the Court for Mr. Cox is 405 N. St. Mary's, Suite 1030, San Antonio, Texas, 78205.  Mr. Cox confirmed that this is no longer his office address.  When the Court presented Mr. Cox with the signed certified mail receipt, he stated that the signature accepting receipt for the subpoena was not his own or familiar to him.

The Court finds that Plaintiff has failed to make the requisite showing that the subpoena was personally served on Mr. Cox.  Therefore, Plaintiff's motions, which the Court construes as motions to hold Mr. Cox in contempt pursuant to Rule 45(g) and to enter sanctions, should be denied.

Mr. Cox is now, however, in possession of the subpoena. He stated at the hearing that he had looked for Mr. Kyle's will prior to the Court's hearing but did not find the will. The Court directed Plaintiff to describe the will for Mr. Cox so that he could do a more thorough search. Plaintiff described the will as handwritten by Kyle on a yellow legal pad and executed without any witnesses. Mr. Cox indicated that he had searched for a will drafted by an attorney and conceded he may have missed the document if it was handwritten and not a formal will. Mr. Cox stated that he has no recollection of Plaintiff providing him with a copy of the will, but Plaintiff is adamant that she did.

The Texas Estates Code requires that a will be executed in writing, signed by the testator in person or another person on behalf of the testator in the testator's presence and under the testator's direction, and attested by two or more credible witnesses who are at least 14 years of age who subscribe their names to the will in their own handwriting in the testator's presence. Tex. Estates Code § 251.051. However, a will written wholly in the testator's handwriting, i.e., a holographic will, is not required to be attested by subscribing witnesses but must satisfy the requirements for proving the will's authenticity through attachment of a self-proving affidavit by the testator before his death or the inclusion in the will of an attestation clause as set forth in the Estates Code. *See id.* at §§ 251.052, 251.101–07. The described holographic will, if found, may or may not satisfy these or other requirements of Texas law.

In light of the representations to the Court at the hearing by Plaintiff and Mr. Cox, the Court will order Mr. Cox to search his office and the entire case file for the described will and to confirm with his secretary that there are no other documents related to Kyle in his possession. The Court will also order Mr. Cox to update his office contact information on CM/ECF by updating his profile.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Compel Compliance with Subpoena [#22] and Plaintiff's Amended Notice of Motion [#23] are **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Cox conduct a thorough search of his office to locate Kyle's handwritten will.

**IT IS FURTHER ORDERED** that Mr. Cox file an advisory with the Court on or before **August 8, 2022**, informing the Court either (1) that he found a copy of the will and produced it to Plaintiff or (2) that he did not find any documents satisfying the description of the will by Plaintiff.

**IT IS FINALLY ORDERED** that Mr. Cox update his office contact information on CM/ECF on or before **August 8, 2022**.

SIGNED this 4th day of August, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE