IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LATONYA YVETTE KYLE, ON BEHALF OF THE ESTATE OF SAVAWN BENJAMIN KYLE (DECEASED) S.M.K. A MINOR CHILD AND K.C.K. A MINOR CHILD;<br><br>*Plaintiff,*<br><br>vs.<br><br>LAWRENCE P SAIZ, DETECTIVE; B SIGALA, DETECTIVE; M DUKE, DETECTIVE; TAMARA STRAUCH, UNKNOWN EMPLOYEES OF CITY OF SAN ANTONIO POLICE DEPARTMENT, J. MARITZA STEWART, BEXAR COUNTY SHERIFFS,<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§ | SA-22-CV-00023-XR |

**ORDER**

Before the Court in the above-styled cause of action are Non-Party Cornelius Cox's Motion to Quash Subpoena [#33] and Plaintiff's Motion to Compel Compliance with Subpoena [#34], which were referred to the undersigned for disposition. Any response in opposition to the motions was due on or before August 29, 2022, and August 30, 2022, respectively. *See* W.D. Tex. Loc. R. CV-7(d). To date, no response has been filed to either motion. Accordingly, the motions are ripe for this Court's review.

The motions before the Court concern a subpoena addressed to non-party Cornelius Cox, seeking Mr. Cox's case files related to work he performed as criminal defense attorney for Plaintiff's deceased son, Savawn Benjamin Kyle. The Court previously held a hearing on multiple motions related to a previous subpoena addressed to Mr. Cox seeking the same. At the

Court's hearing on June 10, 2022, Plaintiff represented to the Court that she was primarily seeking her son's handwritten will, which she believed to be in Mr. Cox's possession. The Court ordered Mr. Cox to conduct a thorough search of his office and files and to submit an advisory with the Court regarding the results of the search. Mr. Cox timely filed the advisory as directed, stating that he was unable to locate the will or any evidence that it had ever been in his possession.

Mr. Cox has now filed a motion to quash, asking the Court to quash a second subpoena seeking the case files. Plaintiff has moved for an order compelling Mr. Cox's compliance with the subpoena. The Court will deny both motions.

Mr. Cox's motion references a subpoena sent to him on August 10, 2022, requesting that he appear on August 23, 2022, at 3:00 p.m. Mr. Cox argues the information sought through the subpoena is irrelevant and privileged. The Court is unable to evaluate Mr. Cox's motion, as he fails to attach the subpoena he seeks to have quashed to his motion. The motion will therefore be denied.

The Court will also deny Plaintiff's motion. Plaintiff asks the Court to compel Mr. Cox to comply with a subpoena for Mr. Kyle's case files. Plaintiff attaches the subpoena to her motion (presumably the same subpoena referenced in Mr. Cox's motion) but has not established that the subpoena was validly served on Mr. Cox. For a subpoena to be served on a third party, it must be served by any person who is at least 18 years of age and not a party. Fed. R. Civ. P. 45(a), (b). The Fifth Circuit has interpreted Rule 45 as requiring personal service of a subpoena. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("Serving a subpoena requires delivering a copy to the named person."). Exhibits attached to Plaintiff's motion indicate that she mailed the

subpoena to Mr. Cox, rather than serving him by personal service.  The Court will therefore deny Plaintiff's motion on the basis that the subpoena was not properly served.

Additionally, even assuming proper service of the subpoena, the Court would still deny the motion.  The Court already ordered Mr. Cox to search his records for a copy of Mr. Kyle's will, and Mr. Cox filed the ordered advisory indicating he was unable to locate the will.  Insofar as Plaintiff is seeking Mr. Kyle's entire case files, some or all contents of the case files from Mr. Cox's representation of Mr. Kyle would be subject to the attorney-client privilege.  Although Plaintiff is in the process of establishing that she is Mr. Kyle's legal heir, that has not yet been proven, and therefore she may not have the right to obtain the privileged files at this time.

**IT IS THEREFORE ORDERED** that Non-Party Cornelius Cox's Motion to Quash Subpoena [#33] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Compliance with Subpoena [#34] is **DENIED**.

SIGNED this 2nd day of September, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE